IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUFFALO WILD WINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1265 |
| | § | |
| BWR McALLEN, INC., *et al*., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This is a trademark and trade dress infringement case. The plaintiff, Buffalo Wild Wings, Inc. has sued three Texas restaurants, franchisees of Buffalo Wings & Rings, LLC, alleging violations of §§ 32 and 43(a) of the Lanham Act, and asserting a claim for common law unfair competition. Two of the defendants, Vela Wings Investment, Ltd. and BWR McAllen, Inc. II, have moved to stay this suit under the "first-to-file" rule, arguing that the parties and claims are similar to those asserted in a suit that Buffalo Wild Wings filed against the franchisees' parent company, Buffalo Wings & Rings, LLC, in Minnesota. (Docket Entry No. 18, 27). Buffalo Wild Wings has responded to the motion to stay. (Docket Entry No. 30). Based on the motion and response, the record, and the applicable law, the motion to stay is denied.[1] The reasons are set out below.

---

[1] Vela Wings Investments, Ltd. and BRW McAllen, Inc. II also moved to dismiss the DTPA claims on the basis that Buffalo Wild Wings is not a consumer under that statute. (Docket Entry No. 17, 25). In an amended complaint filed after these motions to dismiss, Buffalo Wild Wings dropped its claim for violations of the DTPA. (Docket Entry No. 29). The motions to dismiss the DTPA claims are moot; those claims are no longer in the case.

### I.     Background

Buffalo Wild Wings owns, operates, or franchises approximately 660 restaurants in 40 states. The restaurants are family style, with sit-down service and a bar, and with chicken wings as a central offering, in a "sports-themed atmosphere." Buffalo Wild Wings owns a number of registered trademarks and asserts a distinctive trade dress that includes the prominent use of stylized buffalo images. In June 2009, Buffalo Wild Wings sued Buffalo Wings & Rings in the District of Minnesota, asserting trademark and trade dress infringement, false advertising, and unfair competition. Although that suit initially included franchisees, Buffalo Wild Wings amended to drop them as defendants because the Minnesota court lacked personal jurisdiction over them. As a result, Buffalo Wild Wings has filed separate suits against franchisees. This lawsuit, filed on April 19, 2010, is one of those suits.

Vela Wings and McAllen II have moved to stay this suit pending the resolution of the Minnesota action. They assert that the first to file rule applies and that the cases so overlap as to make a stay appropriate for judicial economy and efficiency. (Docket Entry No. 18). In response, Buffalo Wild Wings disputes that there is sufficient overlap between the cases to apply the first to file rule and justify a stay.

### II.    Analysis

#### A.     The Applicable Law

"Courts in the Fifth Circuit generally follow a 'first-filed rule' in deciding which Court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits." *Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990); *see also W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985); *Serv.*

*Corp. Int'l v. Loewen Group Inc.*, No. H-96-3269, 1996 WL 756808, at *1 (S.D. Tex. Nov. 29, 1996). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule is "grounded in principles of comity . . . . The federal courts long have recognized that . . . courts of coordinate jurisdiction and equal rank [should] exercise care to avoid interference with each others' affairs." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citation omitted). "In determining whether to dismiss an action, the Court must answer two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case?" *Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, at *5 (E.D. La. Jan. 5, 1996). The court with "'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *W. Gulf Maritime*, 751 F.2d at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *see Excel Music*, No. 95-3626, 1996 WL 5708, at *6 ("In the absence of 'compelling circumstances,' the district court who gets the suit first should be one to decide the case").

The threshold inquiry here is whether "the issues raised" in both suits "substantially overlap." The issues need not be identical; "[w]here the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power*, 121 F.3d at 950–51 (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). Generally, the issues presented in two separate actions need not be

identical to allow one court to decide the action, "but there must be 'substantial overlap between the two suits.'" *Excel Music*, No. 95-3626, 1996 WL 5708, at *5 (quoting *W. Gulf Maritime*, 751 F.2d at 730). "Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power Ltd.*, 121 F.3d at 951. While the first-to-file rule "should not be regarded lightly," it is not a "rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (citation omitted).

**B.     Analysis**

The defendant in the Minnesota case is the franchisor, Buffalo Wings & Rings. The defendants in the present case are three of its franchisees. These three defendants cannot be joined to the Minnesota case because personal jurisdiction cannot be extended over them in that state. The record shows that there are differences between Buffalo Wings & Rings on the one hand, and its franchisees on the other, that make the issues in the Minnesota case different from this case.

First, as Buffalo Wild Wings points out, Buffalo Wings & Rings' individual franchisees often use their own advertisements, have employees wear different uniforms, and generally adopt individual practices that affect the claims of trademark and trade dress infringement. There are sufficient differences in the parties and issues as to make the first-to-file rule inapplicable. And the fact that the present defendants cannot be sued in the forum of the first-filed case is an additional reason for allowing this suit to proceed.

The motion to stay is denied.

## III.    Conclusion

The motion to stay is denied.

SIGNED on June 29, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge